ISRAEL v. ISRAEL (two cases).

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

DEPOSITIONS DE BENE ESSE—FAILURE TO FILE—FILING NUNC PRO TUNC.
Where, after issue joined in actions between husband and wife for an absolute divorce and separation, respectively, the husband, on application, obtained leave to take the testimony of a witness about to depart from the state, which testimony was taken and certified, but, through inadvertence, was not filed in the county clerk's office within 10 days thereafter, as required by Code Civ. Proc. § 880, the husband, having paid the referee's and stenographer's fees, was entitled, on motion, to an order granting leave to file such testimony nunc pro tunc.

Appeal from special term, New York county.

Actions for divorce and separation between Abraham Israel and Tillie B. Israel. From orders denying motions to file nunc pro tunc the deposition of a witness taken de bene esse, Abraham Israel appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John Brooks Leavitt, for appellant.
Moses Weinman, for respondent.

McLAUGHLIN, J. These actions were brought, the former to procure an absolute divorce, and the latter for a separation. After issue had been joined in both of them, the husband applied for and obtained an order to take the testimony of a witness who was about to leave the state. The testimony of this witness was duly taken and certified by the referee appointed to take it. The attorney for the husband, through inadvertence, failed to file the deposition in the office of the clerk of the county in which the action was pending within 10 days after the same had been certified by the referee, as required by section 880 of the Code of Civil Procedure. He thereupon, upon an affidavit showing such inadvertence, and that he had paid the referee's fees to the amount of $60, and stenographer's fees to the amount of $70, applied to the court for leave to file the same nunc pro tunc. No affidavits were read in opposition to the motion, but the learned justice at special term denied the motion,—upon what ground we are unable to say, since no opinion was rendered by him. We think the motion should have been granted. The attorney for the husband had applied in good faith to take the testimony of the witness, who was about to depart from the jurisdiction of the court, had paid the referee's and stenographer's fees, and he ought not to be deprived of the benefit of this testimony; especially since it is not even suggested that the failure to file the deposition within the time specified in the section of the Code referred to has been or can be of any injury to the other party to the actions.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.